IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CORNELL WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  04 C 6881 |
| v. | ) | |
| THE CITY OF CHICAGO and the | ) | HONORABLE DAVID H. COAR |
| CHICAGO POLICE DEPARTMENT, | | |
| LANELL AUBERT, TIMOTHY MADISON | | |
| and VINCENT BANNER, | | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before this court is a joint motion to dismiss Plaintiff Cornell Watson's complaint. The motion to dismiss was filed by Defendant City of Chicago and Defendants Lanell Aubert, Timothy Madison, and Vincent Barner, police officers in the City of Chicago. For the reasons set forth below, Defendants' joint motion to dismiss is DENIED without prejudice to their right to raise the issues presented here in a Rule 56 motion.

**I.      FACTUAL BACKGROUND**

On January 1, 2002, Chicago police officers Lanell Aubert, Timothy Madison, and Vincent Barner arrested Plaintiff and charged him with possession of a controlled substance with intent to distribute and possession of a controlled substance within 1,000 feet of a school. On

January 9, 2002, after a bench trial, Plaintiff was convicted of these offenses.  Plaintiff then filed a motion for a new trial that was granted on August 5, 2004.

On October 26, 2004, Plaintiff filed suit in this Court, alleging a cause of action under 42 U.S.C. § 1983.  In Count I of his Complaint, Plaintiff requests this Court to enter judgment in his favor because false and misleading testimony by the police officers led to a false conviction that deprived Plaintiff of his constitutional and civil rights.  In Count II of his Complaint, Plaintiff requests this Court to enter judgment in his favor because the Chicago Police Department maintained customs and procedures that disregarded Plaintiff's constitutional and civil rights and resulted in Plaintiff's false conviction.  Defendants seek to dismiss Plaintiff's complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6).

**II.    DISCUSSION**

Federal Rule of Civil Procedure Rule 12(b) provides, *inter alia*, for the eventuality that matters outside the pleadings are presented to the Court.  When this happens, the Court may treat a 12(b)6 motion to dismiss "as one for summary judgment and [dispose of the motion] as provided in Rule 56." Fed. R. Civ. P. (12)(b). The parties are then "given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  Id.

Defendants' motion to dismiss alleges that, after the state court granted Plaintiff's motion for a new trial, Plaintiff pleaded guilty on August 18, 2004 to the lesser-included charge of unlawful possession of a controlled substance.  This charge arose from the same incidents that led to Plaintiff's arrest on January 1, 2002.  Defendants rest their argument for dismissing Plaintiff's complaint on this fact.  Plaintiff, however, did not include this fact in his complaint.

Thus, it would appear that matters outside the pleadings have been presented to this Court. This Court declines to treat Defendants' motion to dismiss as a motion for summary judgement. Instead, Defendants' joint motion to dismiss is denied. Defendants may elect to file a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

## II. CONCLUSION

For the foregoing reasons, Defendants' joint motion to dismiss is DENIED without prejudice to their right to raise the issues presented here in a Rule 56 motion.

Enter:

\_\_/s/ David H. Coar_____
David H. Coar
United States District Judge

Dated: **September 20, 2005**